UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SARAH BANFIELD,

                    Plaintiff,

vs.                              Case No.  2:12-cv-353-FtM-29DNF

CAROLYN   W.   COLVIN,   Acting
Commissioner of Social Security,

                    Defendant.
_____

## <u>OPINION AND ORDER</u>

This  matter  is  before  the  Court  on  consideration  of
Magistrate Judge Douglas N. Frazier's Report and Recommendation
(Doc. #20),  filed  on  August  23,  2013,  recommending  that  the
Commissioner's  decision  to  deny  Social  Security  Disability
Insurance Benefits and Supplemental Security Income be affirmed.
No objections have been filed, and the time to do so has expired.

The Court reviews the Commissioner's decision to determine if
it is supported by substantial evidence and based upon proper legal
standards.  <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158
(11th Cir. 2004)(citing <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1439
(11th Cir. 1997)).  Substantial evidence is more than a scintilla
but less than a preponderance, and is such relevant evidence as a
reasonable person would accept as adequate to support a conclusion.
<u>Moore v. Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing
<u>Crawford</u>, 363 F.3d at 1158-59).  Even if the evidence preponderates

against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence.  Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)).  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

Plaintiff raised three issues:  (1) whether the Administrative Law Judge (ALJ) erred in evaluating plaintiff's mental impairment; (2) whether the ALJ erred by failing to consider plaintiff's pain and rejecting her credibility; and (3) whether the ALJ erred by not considering the potential for absenteeism by finding plaintiff capable of other work.  (Doc. #16.)  The Magistrate Judge found that plaintiff's mental condition was considered by the ALJ, but found to be nonsevere and causing only a minor limitation, and the determination was supported by substantial evidence.  The Magistrate Judge also found that the ALJ properly applied the Eleventh Circuit's pain standard as only one record reflected an

allegation of pain, and plaintiff's subjective complaints of intensity and persistence were not supported by the record. The Magistrate Judge further found that the ALJ did not err by giving great weight to the opinions of state agency medical advisors because the opinions were consistent with the record and plaintiff's status had not substantially changed from the date of assessments.

As to the last issue, the Magistrate Judge found that the ALJ did not err by relying on the vocational expert's testimony that there were jobs that plaintiff could perform. Th ALJ did consider the vocational expert's testimony regarding blurry vision and that an individual who missed more than 3 days of work a month would not be able to maintain employment, <u>see</u> Tr. 31; Tr. 64, but the Magistrate Judge noted that plaintiff failed to show that she had blurry vision and therefore the ALJ did not err by finding that the medical record evidence did not support the restrictions. (Doc. #20, p. 15.) After a *de novo* review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #14) is **accepted and adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **affirmed**.

-3-

    3.   The Clerk of the Court shall enter judgment accordingly and close the file.

    **DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of September, 2013.

 

                                       JOHN E. STEELE
                                       United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record